## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 08-96-GMS |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| OFFICE MEDIA NETWORK, INC., | ) ) ) | |
| Defendant. | ) | |

### ANSWER, DEFENSES, AND COUNTERCLAIMS

Defendant/Counter-Plaintiff Office Media Network, Inc ("OMN") hereby submits its

Answer and Defenses to the Complaint filed by Plaintiff /Counter-Defendant Gannett Satellite

Information Network, Inc. ("Gannett"), and its Counterclaims against Gannett for declaratory

judgment.

### Nature of the Action

1.      This is an action for infringement of United States Patent Nos. 6,288,688 ("the
'688 Patent"), 6,622,826, ("the '826 patent"), 6,981,576 ("the '576 patent"), and 7,270,219 ("the
'219 patent") under 35 U.S.C. § 271(a), (b), and (c).

**ANSWER:**    OMN admits that this action purports to relate to U.S. Patent Nos. 6,288,688,

6,622,826, 6,981,576, and 7,270,219.  OMN denies the remaining allegations set forth in

paragraph 1 of the Complaint.

### The Parties

2.      Plaintiff GANSAT is a corporation organized and existing under the laws of the
State of Delaware, with a principal place of business at 7950 Jones Branch Drive, McLean,
Virginia 22107.

**ANSWER:**    On information and belief, OMN admits the allegations set forth in paragraph 2 of

the Complaint.

3.    On information and belief, Defendant OMN is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 10 South Riverside Plaza, Suite 1220, Chicago, Illinois 60606.

**ANSWER:**    OMN admits the allegations set forth in paragraph 3 of the Complaint.

### Jurisdiction and Venue

4.    This action arises under the patent laws of the United States of America, United States Code, Title 35, Section 1, et seq. This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338.

**ANSWER:**    OMN admits that Complaint contains claims against OMN for infringement

arising under the patent laws of the United States of America, Title 35, Section 1, et. seq. OMN

admits that Gannett is contending that subject matter jurisdiction is proper under 28 U.S.C. §§

1331 and 1338. OMN denies the remaining allegations of paragraph 4 of the Complaint.

5.    Based on the facts and causes alleged herein, this Court has personal jurisdiction over defendant Office Media Network.

**ANSWER:**    OMN admits the allegation set forth in paragraph 5 of the Complaint, except that

OMN denies committing any acts of infringement complained of by Gannett in this District or

elsewhere.

6.    Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**    OMN admits the allegation set forth in paragraph 6 of the Complaint, except that

OMN denies committing any acts violating any rights of Gannett on which venue, as alleged, is

dependent.

### Background

7.    The '688 patent, entitled "System for Distribution and Display of Advertisements within Elevator Cars," issued on September 11, 2001 to Bret A. Hughes and Gary N. Fanning. A copy of the '688 patent is attached to this complaint as Exhibit A.

**ANSWER:**    OMN admits that the '688 patent is entitled "System for Distribution and Display

of Advertisements within Elevator Cars," was issued September 11, 2001, and that the named

inventors are Bret A. Hughes and Gary N. Fanning. OMN further admits that a copy of the '688

patent is attached to the complaint as Exhibit A. OMN denies the remaining allegations set forth

in paragraph 7 of the Complaint.

8.      The '826 patent, entitled, "Elevator Information Display System," issued on
September 23, 2003 to Stephen D. Amo, Dean L. Lacheur, and Neil S. Lacheur. A copy of the
'826 patent is attached to this complaint as Exhibit B.

**ANSWER:**    OMN admits that the '826 patent is entitled "Elevator Information Display

System," was issued September 23, 2003, and that the named inventors are Stephen D. Amo,

Dean L. Lacheur, and Neil S. Lacheur. OMN further admits that a copy of the '826 patent is

attached to the complaint as Exhibit B. OMN denies the remaining allegations set forth in

paragraph 8 of the Complaint.

9.      The '576 patent, entitled "Information Display System," issued on January 3,
2006 to Stephen D. Amo, Dean L. Lacheur, and Neil S. Lacheur. A copy of the '576 patent is
attached to this complaint as Exhibit C.

**ANSWER:**    OMN admits that the '576 patent is entitled "Information Display System," was

issued January 3, 2006, and that the named inventors are Stephen D. Amo, Dean L. Lacheur, and

Neil S. Lacheur. OMN further admits that a copy of the '576 patent is attached to the complaint

as Exhibit C. OMN denies the remaining allegations set forth in paragraph 9 of the Complaint.

10.      The '219 patent, entitled "Elevator Display System," issued on September 18,
2007 to Stephen D. Amo, Dean L. Lacheur, and Neil S. Lacheur. A copy of the '576 patent is
attached to this complaint as Exhibit D.

**ANSWER:**    OMN admits that the '219 patent is entitled "Elevator Display System," was

issued September 18, 2007, and that the named inventors are Stephen D. Amo, Dean L. Lacheur,

and Neil S. Lacheur. OMN denies that a copy of the '576 patent is attached to the complaint as

Exhibit D. OMN denies the remaining allegations set forth in paragraph 10 of the Complaint.

3

11.    Upon information and belief, defendant OMN operates an elevator display system which displays news, advertising, and building messages on LCD screens in lobbies, common areas, and in elevators in office buildings.

**ANSWER:**    OMN admits that it operates systems which display news, advertising, and

building messages on screens in lobbies and elevators in office buildings.  OMN denies the

remaining allegations set forth in paragraph 11 of the Complaint.

### Count I

12.    The allegations of paragraphs 1-11 are incorporated as if fully set forth herein.

**ANSWER:**    OMN incorporates and reasserts its responses to paragraphs 1-11 of the

Complaint as if fully set forth herein.

13.    Upon information and belief, defendant OMN is infringing, inducing infringement, and contributing to the infringement of the '688 patent, the '826 patent, the '576 patent, and the '219 patent by making, using, offering to sell, selling, and importing a system, including its system for displaying news, advertising, and other messages on LCD screens in elevators and/or inducing or contributing to the use by others of such devices covered by the '826 patent, the '576 patent, and the '219 patent, all to the injury of GANSAT.

**ANSWER:**    OMN denies the allegations set forth in paragraph 13 of the Complaint.

14.    OMN's acts of infringement have injured and damaged GANSAT.

**ANSWER:**    OMN denies the allegations set forth in paragraph 14 of the Complaint.

15.    OMN's infringement has caused irreparable injury to GANSAT and will continue to cause irreparable injury until OMN is enjoined from further infringement by this Court.

**ANSWER:**    OMN denies the allegations set forth in paragraph 15 of the Complaint.

16.    Upon information and belief, defendant OMN's infringement has been willful and will continue to be willful, making this case exceptional and entitling GANSAT to increased damages and reasonable attorney's fees pursuant to 35 U.S.C. §§ 284 and 285 of the patent statute.

**ANSWER:**    OMN denies the allegations set forth in paragraph 13 of the Complaint.

### DEFENSES

OMN asserts the following defenses:

**First Defense**
**(No Direct Infringement)**

As a first and separate defense, OMN has not directly infringed and is not directly infringing any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219.

**Second Defense**
**(No Contributory Infringement)**

As a second and separate defense, OMN has not contributed to and is not contributing to the infringement of any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219.

**Third Defense**
**(No Induced Infringement)**

As a third and separate defense, OMN has not induced and is not inducing the infringement of any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219.

**Fourth Defense**
**(No Willful Infringement)**

As an fourth and separate defense, OMN has not willfully infringed and is not willfully infringing any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219.

**Fifth Defense**
**(File Wrapper Estoppel)**

As a fifth and separate defense, upon information and belief and by reason of proceedings in the United States Patent and Trademark Office during the prosecution of the applications that resulted in U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219, as well as the application upon which they claim priority, as shown by their file histories, and by reason of the

amendment, cancellation or abandonment of claims, and the admissions and other statements

made therein by or on behalf of the patentee, Gannett is estopped from claiming constructions of

U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 that would cause any valid or

enforceable claim thereof to cover or include any product manufactured, used, sold, or offered

for sale by OMN.

**Sixth Defense**
**(35 U.S.C. § 101 et seq.)**

As a sixth and separate defense, upon information and belief, the claims of U.S. Patent

Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are invalid because they fail to meet one or

more of the conditions for patentability set forth in 35 U.S.C. § 101 et seq.

**Seventh Defense**
**(Obviousness-type Double Patenting)**

As a seventh and separate defense, upon information and belief, the claims of U.S. Patent

Nos. 6,622,826, 6,981,576, and 7,270,219 are invalid for obviousness-type double patenting.

**Eighth Defense**
**(Ownership)**

As a eighth and separate defense, upon information and belief, Gannett's claims are

barred because it does not own U.S. Patent Nos. 6,981,576 and 7,270,219 and thus, does not

have standing to sue OMN.

**Ninth Defense**
**(Unenforceability—Lack of Common Ownership)**

As a ninth and separate defense, upon information and belief, U.S. Patent Nos. 6,981,576,

and 7,270,219 are unenforceable as patentee violated the provisions of the terminal disclaimers

relating to those patents in failing to keep common ownership of the patents and U.S. Patent No.

5,844,181.

### Tenth Defense
### (Failure to State a Claim)

As a tenth and separate defense, upon information and belief, the Complaint and each purported claim alleged therein fails to state facts upon which relief can be granted against OMN.

### Eleventh Defense
### (Unclean Hands)

As an eleventh and separate defense, upon information and belief, Gannett's claims are barred in whole or in part by the doctrine of unclean hands.

### Twelfth Defense
### (Failure To Mark Or Give Notice)

As a twelfth and separate defense, upon information and belief, to the extent the asserted claims require marking, Gannett's claims are limited pursuant to 35 U.S.C. § 287.

### Thirteenth Defense
### (Unenforceability-Inequitable Conduct)

As a thirteenth and separate defense, U.S. Patent Nos. 6,622,826, 6,981,576, and 7,270,219 are unenforceable because the patentee engaged in inequitable conduct during the prosecution of the applications that lead directly to these patents and during the prosecution of applications from which priority is claimed as explained in paragraphs 14-23 of the Counterclaims.

### PRAYER FOR RELIEF

WHEREFORE, OMN prays for the following relief:

A.    The entry of judgment dismissing the Complaint with prejudice;

B.    For a judgment declaring that OMN has neither infringed, actively induced infringement, nor contributorily infringed any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219;

C.     For a judgment declaring that the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are each invalid;

D.     For a judgment declaring that U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are each unenforceable;

E.     For a judgment declaring this an exceptional case under Title 35, United States Code Section 285 and awarding OMN its reasonable attorney fees;

F.     For an award of costs and interest to be assessed against Gannett; and

G.     For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIMS

Office Media Network, Inc ("OMN") hereby submits these Counterclaims against Gannett Satellite Information Network, Inc. ("Gannett") and alleges as follows:

## NATURE OF THE ACTION

1.     Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against Gannett., OMN seeks a judgment declaring that the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are invalid, unenforceable and/or not infringed by any product made and/or sold by OMN.

## THE PARTIES

2.     OMN is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 10 South Riverside Plaza, Suite 1220, Chicago, Illinois 60606.

3.     Upon information and belief, Gannett is a Delaware corporation with its principal place of business at 7950 Jones Branch Drive, McLean, Virginia 22107.

8

## JURISDICTION AND VENUE

4.     This counterclaim arises under the patent laws of the United States of America,

Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

This court has subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 1331 and

1338(a).

5.     Gannett is subject to personal jurisdiction in this judicial district by virtue of

Gannett filing its Complaint in this case in this judicial district.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## COUNT I

### Declaratory Judgment of Non-infringement of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219(28 U.S.C. §§ 2201-02)

7.     OMN incorporates and reallges all allegations set forth in paragraphs 1-16 of its

Answer, its Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

8.     Gannett purports to be the owner by assignment of U.S. Patent Nos. 6,288,688,

6,622,826, 6,981,576, and 7,270,219.

9.     On February 14, 2008, Gannett filed a Complaint against OMN alleging that

OMN infringes U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219.

10.     There is an actual and justiciable controversy between OMN and Gannett

concerning whether OMN infringes any valid and enforceable claim of U.S. Patent Nos.

6,288,688, 6,622,826, 6,981,576, and 7,270,219.

11.     OMN does not infringe any valid and enforceable claim of U.S. Patent Nos.

6,288,688, 6,622,826, 6,981,576, and 7,270,219 and therefore is entitled to a declaratory

judgment that it has not infringed, contributed to the infringement of or induced the infringement

of, and is not infringing, contributing to the infringement of or inducing the infringement of any

9

valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 as asserted by Gannett.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219(28 U.S.C. §§ 2201-02)

12.    OMN incorporates and realleges all allegations set forth in paragraphs 1-13 of its Answer, its Defenses and paragraphs 1-11 of the Counterclaims as if fully set forth herein.

13.    Upon information and belief, OMN is entitled to a declaratory judgment that the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

## COUNT III

### Declaratory Judgment of Unenforceability of U.S. Patent Nos. 6,622,826, 6,981,576, and 7,270,219(28 U.S.C. §§ 2201-02)

14.    OMN incorporates and realleges all allegations set forth in paragraphs 1-13 of its Answer, its Defenses and paragraphs 1-13 of the Counterclaims as if fully set forth herein.

15.    U.S. Patent Nos. 6,622,826, 6,981,576, and 7,270,219 ("the Amo patents") each assert a claim to priority from U.S. Patent Nos. 5,844,181 ("the '181 patent") and 6,082,500 ("the '500 patent").

16.    On information and belief, during prosecution of application Serial No. 09/154,633 ("the '633 application") that lead to the '500 patent, the persons substantively involved in prosecution of that patent application deliberately engaged in a pattern of conduct that was misleading and calculated to mislead the United States Patent and Trademark Office ("the PTO").

17.    On September 17, 1998, the '633 application was filed. It claimed priority as a continuation of patent application Serial No. 08/834,876, which had been filed on April 10, 1997, and which ultimately issued as U.S. Patent No. 5,844,181.

18.    On February 25, 1999, during the prosecution of the ''633 application, the PTO Examiner issued an Office Action stating that the applicant added "additional disclosure not present in the prior application," and suggested that, if proper, the '633 application be amended to be shown as a continuation-in-part application rather than a continuation application.

19.    On August 25, 1999, in response to the Examiner's Office Action, applicant amended its application to "specifically indicate[] that the subject application is a continuation in part of the prior ['633] application."

20.    Sometime between the time of applicant's August 25, 1999 amendment and the notice of allowance dated November 5, 1999, the Examiner of the application changed.

21.    After allowance of the application by the second Examiner on November 5, 1999, applicants further amended their application on March 10, 2000 to remove the words "in-part" as required by the first Examiner.

22.    On information and belief, the foregoing activities were material and intended by those substantively involved in the prosecution of the '633 application to mislead the PTO. As a result, the '500 patent is unenforceable by reason of inequitable conduct.

23.    Because each of the Amo patents at issue depends on the priority claims to the applications for the '181 and '500 patents, each of the Amo patents is unenforceable by reason of inequitable conduct.

## PRAYER FOR RELIEF

WHEREFORE, OMN prays for the following relief:

A.      For a judgment declaring that OMN has neither infringed, actively induced infringement, nor contributorily infringed any claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219;

B.      For a judgment declaring the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576, and 7,270,219 are each invalid;

C.      For a judgment declaring the claims of U.S. Patent Nos. 6,622,826, 6,981,576, and 7,270,219 are each unenforceable;

D.      For a judgment declaring this an exceptional case under Title 35, United States Code Section 285 and awarding OMN its reasonable attorney fees;

E.      For an award of costs and interest to be assessed against Gannett; and

F.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

OMN respectfully demands a trial by jury of any and all issues triable of right by jury in this action.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Craig Martin
Richard P. Campbell
Steve R. Trybus
JENNER & BLOCK LLP
330 N. Wabash Avenue
Chicago, IL  60611-7603
Tel:  (312) 222-9350

By:  /s/ Richard L. Horwitz
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P. O. Box 951
    Wilmington, DE  19899
    Tel:  (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

Dated:  April 9, 2008
859520 / 32763

*Attorneys for Defendant*
*Office Media Network, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on April 9, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I further certify that on April 9, 2008, the attached document was Electronically Mailed to the following person(s):

William J. Marsden, Jr.
Timothy Devlin
Susan M. Coletti
FISH & RICHARDSON P.C.
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
marsden@fr.com
tdevlin@fr.com
coletti@fr.com

/s/ Richard L. Horwitz
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

859530 / 32763