IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> OFFICE MEDIA NETWORK, INC., <br><br> Defendant. | C. A. No. 08-96-GMS <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF GANNETT SATELLITE INFORMATION NETWORK, INC.'S
ANSWER TO DEFENDANT OFFICE MEDIA NETWORK, INC'S COUNTERCLAIMS**

Plaintiff/Counter-Defendant Gannett Satellite Information Network, Inc. ("Gannett") hereby answers the Counterclaims asserted by Defendant/Counter-Plaintiff Office Media Network, Inc. ("OMN") as follows:

1.    Pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for its counterclaims against Gannett, OMN seeks a judgment declaring that the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219, are invalid, unenforceable and/or not infringed by any product made and/or sold by OMN.

**ANSWER:**    Gannett admits that this action relates to U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219.  Gannett denies the remaining allegations set forth in paragraph 1 of the Counterclaims.

## THE PARTIES

2. OMN is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 10 South Riverside Plaza, Suite 1220, Chicago, Illinois 60606.

**ANSWER:** On information and belief, Gannett admits the allegations set forth in paragraph 2 of the Counterclaims.

3. Upon information and belief, Gannett is a Delaware corporation with its principal place of business at 7950 Jones Branch Drive, McLean, Virginia 22107.

**ANSWER:** Gannett admits the allegations set forth in paragraph 3 of the Counterclaims.

## JURISDICTION AND VENUE

4. This counterclaim arises under the patent laws of the United States of America, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. This court has subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Gannett admits that the Counterclaims contain claims against Gannett that arise under the patent laws of the United States of America, Title 35 of the United States Code, the Declaratory Judgment Act 28 U.S.C. §§ 2201-02. Gannett admits that OMN contends that this court has subject matter jurisdiction of this counterclaim under 28 U.S.C. §§ 1331 and 1338(a). Gannett denies the remaining allegations of paragraph 4 of the Counterclaims.

5. Gannett is subject to personal jurisdiction in this judicial district by virtue of Gannett filing its Complaint in this case in this judicial district.

**ANSWER:** Gannett admits that it is subject to personal jurisdiction in this judicial district.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:** Gannett admits that venue is proper in this judicial district.

## COUNT I

### Declaratory Judgment of Non-infringement of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219 (28 U.S.C. §§ 2201-02)

7. OMN incorporates and realleges all allegations set forth in paragraphs 1-16 of its Answer, its Defenses and paragraphs 1-6 of the Counterclaims as if fully set forth herein.

**ANSWER:** Gannett incorporates the allegations set forth in its Complaint and paragraphs 1-6 of its Answer to the Counterclaims as if fully set forth herein.

8. Gannett purports to be the owner by assignment of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219.

**ANSWER:** Gannett admits the allegations set forth in paragraph 8 of the Counterclaims, and reasserts that it is the owner by assignment of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219.

9. On February 14, 2008, Gannett filed a Complaint against OMN alleging that OMN infringes U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219.

**ANSWER:** Gannett admits the allegations set forth in paragraph 9 of the Counterclaims.

10.     There is an actual and justiciable controversy between OMN and Gannett concerning whether OMN infringes any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219.

**ANSWER:**     Gannett admits that there is an actual controversy between Gannett and OMN concerning whether OMN infringes any claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219. Gannett denies the remaining allegations of paragraph 10 of the Counterclaims.

11.     OMN does not infringe any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219 and therefore is entitled to a declaratory judgment that it has not infringed, contributed to the infringement of or induced the infringement of, and is not infringing, contributing to the infringement of or inducing the infringement of any valid and enforceable claim of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219 as asserted by Gannett.

**ANSWER:**     Gannett denies the allegations set forth in paragraph 11 of the Counterclaims.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219 (28 U.S.C. §§ 2201-02)

12.     OMN incorporates and realleges all allegations set forth in paragraphs of 1-13 of its Answer, its Defenses and paragraphs 1-11 of the Counterclaims as if fully set forth herein.

**ANSWER:**     Gannett incorporates the allegations set forth in its Complaint and paragraphs 1-11 of its Answer to the Counterclaims as if fully set forth herein.

13. Upon information and belief, OMN is entitled to a declaratory judgment that the claims of U.S. Patent Nos. 6,288,688, 6,622,826, 6,981,576 and 7,270,219 are invalid because they fail to meet one or more of the conditions for patentability set forth in 35 U.S.C. 101 et seq.

**ANSWER:** Gannett denies the allegations set forth in paragraph 13 of the Counterclaims.

### COUNT III

**Declaratory Judgment of Unenforceability of U.S. Patent Nos. 6,622,826, 6,981,576 and 7,271,219 (28 U.S.C. §§ 2201-02)**

14. OMN incorporates and realleges all allegations set forth in paragraphs 1-13 of its Answer, it Defenses and paragraphs 1-13 of the Counterclaims as if fully set forth herein.

**ANSWER:** Gannett incorporates the allegations set forth in its Complaint and paragraphs 1-13 of its Answer to the Counterclaims as if fully set forth herein.

15. U.S. Patent Nos. 6,622,826, 6,981,576 and 7,270,219 ("the Amo patents") each assert a claim to priority from U.S. Patent Nos. 5,844,181 ("the '181 Patent") and 6,082,500 ("the '500 Patent").

**ANSWER:** Gannett admits the allegations set forth in paragraph 15 of the Counterclaims.

16. On information and belief, during prosecution of application Serial No. 09/154,633 ("the '633 application") that lead to the '500 patent, the persons substantively involved in prosecution of that patent application deliberately engaged in a pattern of conduct that was misleading and calculated to mislead the United States Patent and Trademark Office ("the PTO").

5

**ANSWER:**   Gannett denies the allegations set forth in paragraph 16 of the Counterclaims.

17.   On September 17, 1998, the '633 application was filed. It claimed priority as a continuation of patent application Serial No. 08/834,846, which had been filed on April 10, 1997, and which ultimately issued as U.S. Patent No. 5,844,181.

**ANSWER:**   Gannett admits that U.S. Application No. 09/154,633 was filed on September 17, 1998, and claimed priority to U.S. Application No. 08/834,876 which was filed on April 10, 1997 and ultimately issued as U.S. Patent No. 5,844,181. Gannett denies the remaining allegations of paragraph 17 of the Counterclaims.

18.   On February 25, 1999, during the prosecution of the '633 application, the PTO Examiner issued an Office Action stating that the applicant added "additional disclosure not present in the prior application," and suggested that, if proper, the '633 application be amended to be shown as a continuation-in-part application rather than a continuation application.

**ANSWER:**   Gannett admits that in the February 25, 1999 Office Action, the Examiner made the following statement:

> 3.   This application repeats a substantial portion of prior Application No. 08/834,876, filed 4/10/97, and adds additional disclosure not presented in the prior application. Since this application names an inventor or inventors named in the prior application, it may constitute a continuation-in-part of the prior application. Should applicant desire to obtain the benefit of the filing date of the prior application, attention is directed to 35 U.S.C. 120 and 37 CFR 1.78.
>
> 4.   This application filed under former 37 CFR 1.60 lacks the necessary reference to the prior application. A statement reading "This is a continuation in part of Application No. 08/834876, filed April 10, 1997." should be entered following the title of the invention or as the first sentence of the specification. Also, the current status of all nonprovisional parent applications referenced should be included.

6

Gannett denies the remaining allegations of paragraph 18 of the Counterclaims.

19. On August 25, 1999, in response to the Examiner's Office Action, applicant amended its application to "specifically indicate [] that the subject application is a continuation in part of the prior ['633] application."

**ANSWER:** Gannett admits that in the Applicant's response to the February 25, 1999 Office Action, the Applicant made the following statement:

> Applicant has amended the first sentence of the specification to include a reference to the prior application and now specifically indicates that the subject application is a continuation in part of the prior application. Consequently Applicant believes that the requirements under 35 U.S.C. 120 for receiving the benefit of the earlier filing date have been complied with.

Gannett denies the remaining allegations of paragraph 19 of the Counterclaims.

20. Sometime between the time of applicant's August 25, 1999 amendment and the notice of allowance dated November 5, 1999, the Examiner of the application changed.

**ANSWER:** Gannett admits that the Examiner listed on the February 25, 1999 Office Action is "Nappi, R," and the Examiner listed on the November 5, 1999 Notice of Allowability was "Salata, A." Gannett denies the remaining allegations of paragraph 20 of the Counterclaims.

21. After allowance of the application by the second Examiner on November 5, 1999, applicants further amended their application on March 10, 2000 to remove the words "in-part" as required by the first Examiner.

**ANSWER:** Gannett admits that on March 10, 2000, an amendment was filed pursuant to 37 C.F.R. 1.312 to remove the words "in part" from the specification, and the Examiner allowed the

amendment on May 15, 2000. Gannett denies the remaining allegations of paragraph 21 of the Counterclaims.

22. On information and belief, the foregoing activities were material and intended by those substantively involved in the prosecution of the '633 application to mislead the PTO. As a result, the '500 patent is unenforceable by reason of inequitable conduct.

**ANSWER:** Gannett denies the allegations set forth in paragraph 22 of the Counterclaims.

23. Because each of the Amo patent at issue depends on the priority claims to the applications for the '181 and '500 patents, each of the Amo patents is unenforceable by reason of inequitable conduct.

**ANSWER:** Gannett denies the allegations set forth in paragraph 23 of the Counterclaims.

Dated: May 1, 2008                FISH & RICHARDSON P.C.


By: /s/ *Susan M. Coletti*
William J. Marsden, Jr. (#2247)
Timothy Devlin (#4241)
Susan M. Coletti (#4690)
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114
Telephone: (302) 652-5070
Facsimile: (302) 652-0607
Email: marsden@fr.com; tdevlin@fr.com; coletti@fr.com

Attorneys for Plaintiff
GANNETT SATELLITE INFORMATION NETWORK, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, I electronically filed with the Clerk of Court the attached document, **PLAINTIFF GANNETT SATELLITE INFORMATION NETWORK, INC.'S ANSWER TO DEFENDANT OFFICE MEDIA NETWORK, INC.'S COUNTERCLAIMS**, using CM/ECF which will send electronic notification of such filing(s) to the following attorneys of record. In addition, the filing will also be sent via electronic mail.

| | |
|---|---|
| Richard L. Horwitz<br>David E. Moore<br>Potter Anderson & Corroon LLP<br>Hercules Plaza<br>P.O. Box 951<br>Wilmington, DE 19899<br>rhorwitz@potteranderson.com<br>dmoore@potteranderson.com | *Attorneys for Defendant*<br>*Office Media Network, Inc.* |
| Craig C. Martin<br>Steven R. Trybus<br>Richard P. Campbell<br>Sara E. Tonnies<br>Jenner & Block LLP<br>330 N. Wabash Avenue<br>Chicago, IL 60611-7603<br>cmartin@jenner.com<br>strybus@jenner.com<br>rcampbell@jenner.com<br>stonnies@jenner.com | *Attorneys for Defendant*<br>*Office Media Network, Inc.* |

/s/ *Susan M. Coletti*
Susan M. Coletti

80058477.doc