IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, INC., <br><br> Plaintiff, <br><br> v. <br><br> OFFICE MEDIA NETWORK, INC., <br><br> Defendant. | C. A. No. 08-96-GMS |

## PROTECTIVE ORDER

Plaintiff Gannett Satellite Information Network, Inc. ("Gannett") and Defendant Office Media Network, Inc. ("OMN") stipulate, pursuant to Federal Rule of Civil Procedure 26(c) and D. Del. Local Rule 26.2, that the following applies to all discovery matters in this case:

**1.     Introduction and Scope**

This protective order shall govern all documents and information exchanged during this action including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admissions, and any other form of evidence or discovery contemplated under Rules 26-37 and 45 of the Federal Rules of Civil Procedure that contains any trade secret or business information generally unknown to the public.  The documents and information governed by this protective order shall be collectively referred to as "Discovery Material."

**2.     Designation of Certain Discovery Material as "Confidential" or "Outside Counsel Eyes Only"**

Discovery Material may be designated as "Confidential" where such Discovery Material relates to non-public, sensitive, or confidential information.  Such Discovery Material shall be so

identified at the time of service of such Discovery Material by including on each page a legend which includes the words "CONFIDENTIAL."

Discovery Material may also be designated "Outside Counsel Eyes Only." The "Outside Counsel Eyes Only" designation is reserved solely for "Confidential" information that constitutes: (a) proprietary financial information, (b) customer lists and building contracts, and (c) other similar information the disclosure of which is likely to cause harm to the competitive position of the producing party. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page a legend which includes the words "OUTSIDE COUNSEL EYES ONLY."

In the event the designating party elects to produce original "Outside Counsel Eyes Only" or "Confidential" documents for inspection, no marking need be made by the designating party in advance of the inspection, and all inspected materials shall be deemed "Outside Counsel Eyes Only." If copies of those original documents are later delivered to the receiving party, those copies that are "Outside Counsel Eyes Only" or "Confidential" Discovery Material will be so designated, while those copies lacking that designation will not be deemed "Outside Counsel Eyes Only" or "Confidential."

### 3. Use of Designated Information

"Outside Counsel Eyes Only" or "Confidential" Discovery Material may be used only for purposes of preparation, trial, and appeal of this action, shall be held in confidence by each person to whom it is disclosed, and may not be disclosed to any person or entity, except as permitted in this Order. All "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be carefully maintained by the receiving party in secure facilities and access to such

"Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be permitted only to persons having access hereto under the terms of the Order.

**4.      Inadvertent Failure to Designate**

Any party or third party, who inadvertently fails to designate information as "Outside Counsel Eyes Only" or "Confidential," or otherwise wishes to change the designation of confidentiality under this Order, may later do so, and the receiving party shall treat such document/information as being so designated with confidentiality from the time the receiving party is notified in writing of the inadvertent failure to designate.  The parties agree that the inadvertent disclosure of "Outside Counsel Eyes Only" or "Confidential" Discovery Material by the designating party in producing discovery to the receiving party, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a designating party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject.

**5.      Procedure for Designating Deposition Testimony**

The deposition testimony and all copies of any transcript of the deposition of any current or former agent, officer, director, employee, consultant or supplier of the designating party shall initially be considered, as a whole, to constitute "Outside Counsel Eyes Only" Discovery Material subject to this Order, and the original and all copies of such deposition transcripts shall be marked accordingly as "OUTSIDE COUNSEL EYES ONLY" by the reporter until twenty-one (21) days after the producing party is notified that the transcript is available.  After the expiration of the twenty-one day period, the testimony and any transcripts of the deposition shall no longer be treated as "Outside Counsel Eyes Only" or "Confidential" unless the producing

party specifically designated that such materials, or portions of such materials, be treated as "Outside Counsel Eyes Only" or "Confidential" on the record at the deposition or designates in writing that such materials, or portions of such materials, be treated as "Outside Counsel Eyes Only" or "Confidential" within the twenty-one day period. The Producing Party shall designate the specific pages and lines of the transcript that contain information that should be treated as "Outside Counsel Eyes Only" or "Confidential," and each party shall attach a copy of the written statement so designating the testimony to the face of the transcript and each copy thereof in its possession, custody, or control. If a party fails to designate a deposition in the required time period, that deposition testimony will not be considered confidential. However, the deposition may still be designated confidential at a later date.

### 6.    No Obligation to Challenge

A party shall not be obligated to challenge the propriety of "Outside Counsel Eyes Only" or "Confidential" designations, and a failure to do so shall not preclude a subsequent challenge of the propriety of such designation. If the parties are unable to resolve any challenge of confidentiality by agreement within ten (10) days after receipt of challenge notice by the receiving party, the receiving party may at any time thereafter seek a Court Order to alter the "Outside Counsel Eyes Only" or "Confidential" status of the materials or information.

### 7.    Access to Discovery Material

Subject to Paragraphs 8 and 9 of this Order, no "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall, without prior written consent of the producing party, (a) be disclosed, to anyone other than the Court and the persons and entities specified in Paragraphs 8 and 9 hereof; or (b) be used by anyone other than the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall detract

from, or affect in any way, confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation.

**8.    Access to "Outside Counsel Eyes Only" Discovery Material**

Discovery Material designated as "OUTSIDE COUNSEL EYES ONLY" may be made available only to the following persons who are informed of the existence of this Order:

(a)    Outside legal counsel for the parties, and supporting personnel employed by such counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks and/or private photocopying services, provided that such individuals are informed of the terms of this Order;

(b)    Experts and consultants, pursuant to procedures of Paragraph 10 of this Order;

(c)    The Court, the Court's staff, and the jury in this litigation;

(d)    Non-technical employees of outside vendors providing exhibit preparation services, mock trial, participation in a mock jury, or jury profiling provided that such persons are informed of the terms of this Order;

(e)    Employees of outside vendors providing copy services, document coding, image scanning, or the creation of any computer database from documents in connection with this litigation;

(f)    Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action; and

(g)    Any person who is identified as an author or recipient, including receipt by copy, of any document, information therein or tangible medium.  Such

persons shall be considered "Authorized Personnel" solely with respect to the specific document, information therein or tangible medium.

**9.    Access to "Confidential" Discovery Material**

Discovery Material designated as "CONFIDENTIAL" may be made available only to the following persons who are informed of the existence of this Order:

(a)-(g)   The persons listed in Paragraph 8 (a)-(g) hereof; and

(h)   Four employees from Gannett and four employees from OMN.  More particularly, those four employees shall include two in-house attorneys and two business people.  Specifically, the following Gannett in-house attorneys shall have access to "Confidential" information: ***Barbara Wall (Vice President and Associate General Counsel, Gannett Co., Inc.)*** and ***Elizabeth Allen (Senior Legal Counsel, Gannett Co., Inc.)***.  The following Gannett business people shall have access to "Confidential" information: ***Michael DiFranza (President and General Manager, Captivate Network)***.  The following OMN in-house attorney shall have access to "Confidential" information:  ***Paul Simon (Managing Director and General Counsel).***  All employees identified in this paragraph must agree to be bound by all of the terms of this Protective Order, including but not limited to the provisions contained in paragraph 19, and must further execute the Secrecy Agreement attached as Exhibit A, a copy of which must be provided to the other party prior to receiving any "Confidential" information.

To the extent that either party does not name in this Order the full number of employees that the party is entitled to name, additional employees within the number limits provided above may be named and become subject to this Protective Order by providing notice to the other party of the name of the employee to be added along with a copy of the employee's executed Secrecy Agreement, the employee's current title and a summary of the employee's responsibilities. The party receiving the notice will then have seven (7) calendar days to object, in writing, to the disclosure of "Confidential" discovery material to the identified employee. If the parties cannot resolve any dispute on any particular employee receiving "Confidential" discovery material, the objecting party may file a motion with the Court within seven (7) calendar days of the written notice of objection. If such a motion is not filed within seven (7) calendar days, the objection will be considered waived and the disclosure to the employee may be made.

### 10.    Access to "Confidential" Discovery Material by Experts

Any "Outside Counsel Eyes Only" or "Confidential" Discovery Material may be disclosed to experts and consultants who are not current employees of any party in this matter and who have been retained by counsel for Gannett or OMN to provide assistance in this action. In advance of the receipt of any "Outside Counsel Eyes Only" or "Confidential" Discovery Material, the expert or consultant must sign a copy of the Secrecy Agreement attached hereto as Exhibit A, and must be disclosed, without objection, or by order of the Court, under the disclosure provisions of this paragraph. Specifically, prior to disclosing any "Outside Counsel Eyes Only" or "Confidential" discovery material to an independent expert or consultant, the party seeking to provide the expert or consultant with "Outside Counsel Eyes Only" or "Confidential" discovery material shall provide a copy of the expert's/consultant's executed Secrecy Agreement, along with the expert's/consultant's most recent CV, to the other party to

this litigation.  The party receiving the notice (and the other obligations of this paragraph) of the other party's desire to provide the expert or consultant with "Outside Counsel Eyes Only" or "Confidential" discovery material will then have seven (7) calendar days to object, in writing, to the disclosure of "Outside Counsel Eyes Only" or "Confidential" discovery material to the identified expert.  If the parties cannot resolve their dispute on any particular expert receiving "Outside Counsel Eyes Only" or "Confidential" discovery material, the objecting party may file a motion with the court within seven (7) calendar days of the written notice of objection.  If such a motion is not filed within seven (7) calendar days, the objection will be considered waived and the disclosure to the expert may me made.

### 11.    Discovery of Expert Witness Materials

The parties will only seek the final versions of reports, declarations, and/or affidavits of expert witnesses and will not seek and need not produce or retain drafts of such documents or the metadata related to such documents.  In addition, all communications between counsel of record and an expert witness with respect to work on this case are exempt from discovery, except on a showing of exceptional circumstances.  However, the parties will identify any information and produce copies of any documents considered by the witness in forming the opinion as required by Fed. R. Civ. P. 26(a)(2)(B) and any equivalent local rule in Delaware.  Nothing in this agreement is intended to restrict the parties' ability to inquire into the bases of any of the opinions expressed by the experts in their reports, declarations, and/or affidavits.

### 12.    Limited Access by Certain Deposition Witnesses

"Outside Counsel Eyes Only" or "Confidential" Discovery Material may be disclosed to a witness not already allowed access to such information under this Order only if counsel for the party designating the material as "Outside Counsel Eyes Only" or "Confidential" Discovery

Material agrees in writing or on the record, before disclosure, that the material may be disclosed to the witness.

In the event of disclosure under this paragraph, only the reporter, deponent, his/her counsel, and persons to whom disclosure may be made, and who are bound by the Order, may be present during the disclosure or discussion of "Outside Counsel Eyes Only" or "Confidential" Discovery Material. Disclosure of material pursuant to this paragraph shall not constitute a waiver of the confidential status of the material so disclosed.

### 13.    Party's Own Information

The restrictions on the use of Discovery Material established by this protective order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation. A party is free to do whatever it desires with its own Discovery Material. However, if a party wants to disclose its own "Outside Counsel Eyes Only" or "Confidential" Discovery Material to an employee of the other party as part of this litigation and the employee is not otherwise entitled to see that Discovery Material under the terms of this Protective Order, then the party wanting to make the disclosure must inform the other party at least 36 hours in advance of the intended disclosure, identifying all such Discovery Material intended to be disclosed, and such notice will operate to allow the employee to review that "Outside Counsel Eyes Only" or "Confidential" Discovery Material identified in the notice.

### 14.    Related Material

The restrictions on the use of Discovery Material established by this protective order shall extend to: (i) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "Outside Counsel

Eyes Only" or "Confidential" Discovery Material as provided for by Paragraph 14 hereto and are marked "OUTSIDE COUNSEL EYES ONLY" or "CONFIDENTIAL" on at least the first page of the writing; and (ii) all copies, extracts and complete or partial summaries prepared from such Discovery Material.

**15.     Filings Under Seal**

The Clerk of the Court is directed to maintain as a "sealed document" all information, documents, objects and other materials filed by either party with the Clerk which have been designated by a party to this action as "OUTSIDE COUNSEL EYES ONLY" or "CONFIDENTIAL."

To assist the Clerk, any document or object comprising "Outside Counsel Eyes Only" or "Confidential" Discovery Material shall be filed in the Clerk's Office in the manner set forth by the rules and procedures of the court.

**16.     Use of Discovery Material at Hearing or Trial**

Nothing in this Order shall prevent a party from using any "Outside Counsel Eyes Only" or "Confidential" Discovery Material at trial or a hearing.  In the event that "Outside Counsel Eyes Only" or "Confidential" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "Outside Counsel Eyes Only" or "Confidential" Discovery Material through such use, provided that the parties to this action take steps reasonably calculated to protect its confidentiality during such use.  The parties may request that attendance at those portions of the hearing or trial or access to the transcripts of those hearings or the trial in which "Outside Counsel Eyes Only" or "Confidential" Discovery Material is disclosed be restricted to court personnel and persons authorized to receive disclosure by this Order.  Where a party plans to use "Outside Counsel Eyes Only" or "Confidential" Discovery

Material in a hearing or trial, that party shall make a good faith effort to notify opposing counsel at least 24 hours ahead of the hearing or trial and shall notify the Court at the outset of the proceeding that some portions of the evidence to be presented have been so designated.

**17.     No Admission Regarding Confidentiality**

Neither the designation of "Outside Counsel Eyes Only" or "Confidential" Discovery Material pursuant to this Order nor the receiving party's failure to oppose or challenge any such designation shall be construed as an admission that such information is, in fact, a trade secret or confidential information and shall not be admissible as evidence of that fact.

**18.     Modifications in Writing**

Nothing herein shall prevent disclosure beyond the terms of this Order if counsel for the designating party consents in writing or on the record to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.  Any particular consent given under this Order with respect to confidentiality of the particular document shall not be deemed a general waiver of any other designation.

**19.     Third Parties**

Third parties producing documents or providing testimony in the course of this action may also designate Discovery Materials as "Outside Counsel Eyes Only" or "Confidential," subject to the same protections and constraints as the parties to the action.  A copy of this Protective Order shall be served along with any subpoena served in connection with this action.

**20.     Limitations on Use of Certain Discovery Material**

Discovery material that is designated "Outside Counsel's Eyes Only" or "Confidential" may not be used by the receiving party for any business, commercial, scientific, patent

prosecution, competitive, or other purpose whatsoever, other than what is necessary for the prosecution or defense of this litigation.

Additionally, any person who reviews the producing party's discovery material that is designated "Outside Counsel's Eyes Only" is prohibited from participating in (1) patent prosecution activities relating to the subject matter of any such Outside Counsel's Eyes Only discovery material produced in this case and (2) competitive decision making for any Party. For purposes of this Protective Order, "patent prosecution activities" means invention identification; invention evaluation; the decision whether to file a patent application for an invention; claim drafting; assisting in claim drafting; or the preparation of or amendments to original, continuation, continuation-in-part, divisional, request for continued examination, reexamination, reissue, substitute, renewal or convention patent applications or patents.

Outside counsel representing a party in this action may have attorneys that are barred by this provision while other attorneys at the same firm are not barred depending on whether such attorneys reviewed Outside Counsel's Eyes Only discovery material of an opposing party. In such a situation, outside counsel shall erect walls and take all appropriate action designed to ensure that the opposing party's Confidential and Outside Counsel's Eyes Only Information cannot be misused. Such outside counsel shall also provide written assurances to all opposing parties that the necessary walls have been erected.

This prohibition against prosecution and competitive decision making begins upon review of any Outside Counsel's Eyes Only Information and remains in effect until two (2) years after the first of these occurs:

        a.      the termination of this litigation, including any appeals; or

       b.      if the person who reviewed the Outside Counsel's Eyes Only Information was an outside counsel of record, then the withdrawal from representation by that person.

### 21.    Inadvertent Production of Privileged Information

In the event that privileged documents are inadvertently produced, upon request of the Producing Party, the documents together with all copies thereof shall be returned immediately to the party claiming privilege and any notes of the inadvertently produced privileged documents shall be destroyed or otherwise made inaccessible to all parties and any privileged information contained therein shall not be used in the Action by the discovering or receiving party, except by order of the Court, or by agreement of the Parties, or unless obtained thereafter through a subsequent express waiver of the privilege or through some other lawful means.  Nothing contained herein shall prevent a Party from disputing that the production or privileged documents or other information was not inadvertent.

### 22.    Other Proceedings

By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "OUTSIDE COUNSEL EYES ONLY" or "CONFIDENTIAL" pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 23.    Disposition Upon Conclusion

Within sixty (60) days after settlement or final judgment of this action, including the time for filing and resolution of all appeals, or such other period as the parties agree upon, each

receiving party shall at its option either (a) return to the designating party or (b) destroy and certify such destruction to the designating party all documents, objects and other materials produced or designated as "Outside Counsel Eyes Only" or "Confidential" Discovery Material under this Order, and each receiving party shall destroy in whatever form, stored or reproduced, all other document objects and other materials that contain or refer to "Outside Counsel Eyes Only" or "Confidential" Discovery Material, except that Outside Counsel shall be entitled to keep one electronic and one paper copy of all of the pleadings, court filings, discovery responses, expert reports, transcripts and exhibits.

### 24.    Violation of this Order

In the event anyone shall violate or threaten to violate the terms of this protective order, the aggrieved designating party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this protective order.

### 25.    Waiver or Termination

The provisions of this protective order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court.  This Order shall survive the final termination of this proceeding with respect to any retained "Outside Counsel Eyes Only" or "Confidential" Discovery Material.  Termination of the proceedings shall not relieve any person from the obligations of this protective order, unless the Court orders otherwise.  The Court shall retain jurisdiction to enforce the protective order despite termination of this lawsuit.

### 26.    The Parties Have the Right to Seek Further Relief

This protective order is without prejudice to the right of a party hereto to seek relief from the Court, upon good cause shown, from any of the provisions, or restrictions provided herein.

27.     **Notice**

All notices required by this protective order are to be served via facsimile or email to the individuals to be identified by the respective parties.  The date by which a party to this action receiving a notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile and email was received.  Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.


FISH & RICHARDSON P.C.                    POTTER ANDERSON & CORROON LLP


/s/ Susan. M. Coletti                              /s/ David E. Moore
William J. Marsden, Jr (#2247)              Richard L. Horwitz (#2246)
Timothy Devlin (#4241)                        David E. Moore (#3983)
Susan M. Coletti (#4690)                       1313 N. Market Street
919 N. Market Street, Suite 1100           Hercules Plaza, 6th Floor
P.O. Box 1114                                       P.O. Box 951
Wilmington, DE 19899-1114                  Wilmington, DE 19899-0951
Tel: (302) 652-5070                               Tel: (302) 984-6000
Email: marsden@fr.com; tdevlin@fr.com;    Email: rhorwitz@potteranderson.com;
coletti@fr.com                                        dmoore@potteranderson.com

Attorneys for Plaintiff                           Attorneys for Defendant
GANNETT SATELLITE INFORMATION          OFFICE MEDIA NETWORK, INC.
NETWORK, INC.

DATED: June 26, 2008



APPROVED AND SO ORDERED.



_____, 2008            _____
Wilmington, Delaware                        CHIEF, UNITED STATES DISTRICT JUDGE

**Exhibit A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, INC., | |
| Plaintiff, | C. A. No. 08-96-GMS |
| v. | |
| OFFICE MEDIA NETWORK, INC., | |
| Defendant. | |

## SECRECY AGREEMENT

I hereby solemnly swear that:

1.      I have been given a copy the Protective Order in the above-captioned case (the "Order") and have carefully read and do fully understand the Order.

2.      I agree to comply with and to be bound by the terms of the Order.

3.      In understand that a violation of the Order is punishable as a contempt of court and hereby submit to the jurisdiction of this Court for enforcement of the Order.

4.      I agree not to use any "Outside Counsel Eyes Only" or "Confidential" Discovery Material disclosed to me pursuant to the Order except for purposes of the above-captioned litigation and not to disclose any such "Outside Counsel Eyes Only" or "Confidential" Discovery Material to persons other than those specifically authorized by said Order, without the express written consent of the party who designated such information as being confidential or by order of this Court.  I also agree to notify any stenographic, clerical or technical personnel that are required to assist me of the terms of said Order.

5.      I understand that I am to retain all "Outside Counsel Eyes Only" or "Confidential" documents or materials in a secure manner and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Outside Counsel Eyes Only" or "Confidential" Discovery Material are to be returned to counsel who provided me with such documents and materials.

Dated: _____    By: _____

Name: _____

Company: _____