IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GANNETT SATELLITE INFORMATION NETWORK, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 08-96-GMS |
| v. | ) ) | |
| OFFICE MEDIA NETWORK, INC. et al., | ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

1. On February 14, 2008, the plaintiff, Gannett Satellite Information Network, Inc. ("Gannett"), filed this patent infringement action against Office Media Network, Inc. ("OMN"). On April 20, 2009, Gannett filed an amended complaint to add Lake Capital Management LLC ("LCM") as a defendant.[1] (D.I. 69.)

2. Presently, LCM moves to dismiss the complaint for lack of personal jurisdiction. (D.I. 88.) Gannett opposes LCM's motion and requests jurisdictional discovery.

3. "Rule 12(b)(2) of the Federal Rules of Civil Procedure requires a court to dismiss a case when the court lacks personal jurisdiction over the defendant[]." *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates,* 197 F.R.D. 112, 119 (D. Del. 2000). In determining whether personal jurisdiction exists, courts engage in a two step analysis. First, the court must decide whether jurisdiction is authorized by the long-arm statute of the state in which the court sits. *Transportes Aereos de Angola v. Ronair, Inc.,* 544 F. Supp. 858, 864-65 (D. Del. 1982). If

---

[1] As a result of the court's Order (D.I. 61) granting Gannett's motion to amend, LCM was added to the litigation along with two other Lake Capital entities.

jurisdiction is proper per the long-arm statute, the court must then determine whether exercising jurisdiction comports with the requirements of the Due Process Clause of the Fourteenth Amendment. *Id.* (noting, however, "intent of the legislature to exercise jurisdiction over non-residents whenever feasible"); *Compaq Computer Corp. v. Packard Bell Elecs.*, 948 F. Supp. 338, 342 (D. Del. 1996) (citation omitted). To satisfy the second prong of this analysis, the court must find the existence of "minimum contacts" between the defendant and the forum state, "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted).

4. In determining the jurisdictional question, the court must accept as true the allegations in the complaint. *Altech Indus., Inc. v. Al Tech Specialty Steel Corp.*, 542 F. Supp. 53, 55 (D. Del. 1982). Gannett, as the plaintiff, bears the burden of alleging facts sufficient to make a prima facie showing of personal jurisdiction over LCM. *ICT Pharms., Inc. v. Boehringer Ingelheim Pharms., Inc.*, 147 F. Supp. 2d 268, 270-71 (D. Del. 2001). To meet this burden, Gannett must adduce facts which "'establish with reasonable particularity'" that jurisdiction over LCM exists. *Id.* (quoting *Joint Stock Soc'y v. Heublein, Inc.,* 936 F. Supp. 177, 193 (D. Del. 1996)).

5. The first step in the court's analysis is to determine whether any of the provisions of Delaware's long-arm statute, Del. Code Ann. tit. 10, § 3104, warrant the exercise of jurisdiction over LCM. LCM contends that the court has no basis to assert jurisdiction, while Gannett maintains that the conduct of LCM satisfies at least the requirements of subsection (c)(4)[2] of the long-arm statute.

---

[2] Subsection (c)(4) of the Delaware long-arm statute provides:

> As to a cause of action brought by any person arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident, or a personal representative, who in person or through an agent: . . .

Gannett bases this argument on its allegation that LCM does not merely advise the companies that the private equity firm "Lake Capital" owns, but that LCM is the private equity firm "Lake Capital." (D.I. 108 at 3.) The court concludes that Gannett has met its prima facie burden of establishing personal jurisdiction preliminarily by pointing to a message from Ross Christianson ("Christianson") – who was a Vice President of both LCM and OMN – which refers to LCM, not the more generic "Lake Capital," as the private equity firm. (See D.I. 109 Ex. C.) This evidence, however, is not sufficient to defeat LCM's motion to dismiss.

6. As previously mentioned, Gannett has requested jurisdictional discovery regarding LCM's activities in Delaware and Lake Capital's corporate structure. "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations omitted). Thus, resolution of Gannett's request "begins with the presumption in favor of allowing discovery to establish personal jurisdiction." *Hansen v. Neumueller GmbH*, 163 F.R.D. 471, 474 (D. Del. Oct. 5, 1995). However, "[t]he court must be satisfied that there is some indication that this particular defendant is amenable to suit in this forum." *Id.* at 475. For example, "a plaintiff may not rely on the bare allegations in his complaint to warrant further discovery." *Id.* at 476. Likewise, "a mere unsupported allegation that [a] defendant 'transacts business' in an area is 'clearly frivolous.'" *Mass.*

---

(4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State. . . .

Del. Code Ann. tit. 10, § 3104(c)(4) (1999).

*Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). Rather, "there must be *some* competent evidence to demonstrate that personal jurisdiction over [a] defendant might exist before allowing discovery to proceed." *Hansen*, 163 F.R.D. at 475.

7. In the present case, the court finds that Gannett has produced some competent evidence to demonstrate that personal jurisdiction might exist over LCM; specifically the above-noted message from Christianson. Accordingly, the court will grant Gannett's request for jurisdictional discovery. This jurisdictional discovery shall be limited and targeted in order to determine whether any ownership link exists between LCM and the corporations allegedly formed by Lake Capital in Delaware. To this end, the court will permit Gannett to take discovery on: (1) LCM's role in the formation, investment in, or contribution to any of the Delaware entities; and (2) Lake Capital's corporate structure, as well as LCM's role within that structure. Such discovery shall include, but is not limited to, all correspondence between LCM and the State of Delaware Department of State, and all correspondence between LCM and any State of Delaware registered agents.[3] LCM will have 15 days to produce this limited discovery to Gannett. After receiving the discovery from LCM, Gannett will have 15 days to submit to the court, in the form of a declaration, any supplemental evidence that support the court's exercise of personal jurisdiction over LCM.[4]

---

[3] These registered agents include: The Corporation Trust Company; National Registered Agents, Inc.; National Corporate Research, Ltd.; and Corporation Service Company. (See D.I. 109 Ex. H.)

[4] The court will not accept any new arguments on LCM's motion to dismiss at this time, only additional evidence.

Therefore, IT IS HEREBY ORDERED that:

1. LCM's Motion to Dismiss will be held in ABEYANCE awaiting further jurisdictional discovery.

2. Gannett's request for jurisdictional discovery is GRANTED.

3. LCM is required within 15 days of the date of this order to produce discovery regarding: (a) LCM's role in the formation, investment in, or contribution to any of the Delaware entities; and (b) Lake Capital's corporate structure, as well as LCM's role within that structure. Such discovery shall include all correspondence between the State of Delaware Department of State and all correspondence between LCM and any State of Delaware registered agents.

4. Gannett is required to submit, within 30 days of the date of this order, any additional evidence to support the court's exercise of personal jurisdiction over LCM.

Dated: October 23, 2009

CHIEF, UNITED STATES DISTRICT JUDGE